IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 7:09-CV-435-VEH ) |
| BILL LUNSFORD CONSTRUCTION & DEVELOPMENT, INC.; and WANDA BLEVINS, | ) ) ) ) ) ) |
| Defendants. | ) ) |
| WANDA BLEVINS, | ) ) |
| Counterclaim Plaintiff, | ) ) |
| v. | ) ) |
| AUTO-OWNERS INSURANCE COMPANY, | ) ) ) |
| Counterclaim Defendant. | ) |

**MEMORANDUM OPINION**

The magistrate judge filed a report and recommendation on August 10, 2009, recommending that Defendant's Motion to Dismiss and Application for Attorney's Fees (Doc. 9) filed on March 26, 2009, by Defendant Bill Lunsford Construction &

Development, Inc. ("Lunsford"), be granted in part and denied in part, and that Plaintiff's 12(b)(6) Motion to Dismiss Wanda Blevins's ("Blevins") Counterclaim (Doc. 15) filed on April 14, 2009, be granted. (Doc. 23 at 2).

More specifically, on Defendant's Motion to Dismiss and Application for Attorney's Fees, the magistrate judge determined:

> The undersigned agrees with Lunsford that the complaint is due to be dismissed to the extent it seeks a declaration holding specifically that Auto-Owners owes no duty to defend or indemnify in the underlying action. As to the duty to indemnify, the court concludes such claims are not yet ripe for review and are due to be dismissed without prejudice. However, to the extent that the complaint seeks for the court to declare the rights and duties of the parties more generally under the subject policy, a judgment is in order declaring that Auto-Owners does, in fact, have a duty at this time to defend Lunsford as to all claims in the underlying action. To the extent that Lunsford's motion seeks an award of attorney fees, it is due to be denied.

(Doc. 23 at 2).

The case was reassigned to the undersigned on August 10, 2009. (Doc. 24). On August 25, 2009, Plaintiff filed objections to the report and recommendation. (Doc. 25).

Plaintiff asserted five separate objections:

1. Auto-Owners objects to the court entering a judgment holding that Auto-Owners has a duty to defend all counts of the underlying complaint against defendant Bill Lunsford Construction ("Lunsford"). [This constitutes a procedural challenge on the basis of Plaintiff's "respond[ing] to Lunsford's

motion as a motion to dismiss and not as a motion for summary judgment." (Doc. 25 at 2). However, this court notes that because the subject insurance policy was already part of the record as an attachment to the complaint, a Rule 12(d) conversion was not required. The court's review of a dispositive motion filed on a Rule 12(b)(6) basis is acceptable under certain circumstances. *See, e.g., Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1368-69 (11th Cir. 1997) (recognizing that appropriate documents for court to consider when ruling on a Rule 12(b)(6) motion include complaint, any attachments, and any additional documents referenced therein that "are central to the plaintiff's claim") (citation omitted). Further, there is no indication that the magistrate judge ever did convert the motion to one for summary judgment.] . . .

2. Auto-Owners objects to the Court's interpretation of Alabama law that an insurance company's duty to defend extends to all counts of a complaint if there is a duty to defend any count of the complaint. . . .

3. Auto-Owners objects to the Court's judgment based upon an ambiguity in Auto-Owner's policy. . . .

4. Auto-Owners objects to the Court's finding on page 27 that it is Auto-Owners' position that "even if [it] has a duty to defend some claims and types of damage, Lunsford's motion to dismiss is due to be dismissed in part because it fails to establish that there are no counts or claims or types of damage that might be an appropriate subject of declaratory relief in Auto-Owners favor." (Doc. 23 p. 27). . . .

5. Auto-Owners objects to the Court interpreting Alabama law.

(Doc. 25 at 1, 3, 6, 8, 9 (emphasis omitted)).

Having carefully considered the materials in the court file, including the report

and recommendation and after conducting a *de novo* review of the record relating to Plaintiff's objections, the court is of the opinion that the magistrate judge's report is due to be **ADOPTED IN PART** and **RESERVED IN PART** and that similarly his recommendation is due to be **ACCEPTED IN PART** and **RESERVED IN PART**.

Relatedly, Plaintiff's objections are due to be **RESERVED** except to the extent that it seeks to have this court issue a certified question to the Supreme Court of Alabama as to the scope of an insurer's duty to defend the entire lawsuit under Alabama law when a complaint includes both covered and uncovered claims and the subject policy language states that the insurer "will have the right and the duty to defend the Insured against any 'suit' seeking those damages[;]" and "suit" is defined to mean "a civil proceeding in which damages because of 'bodily injury', 'property damage', 'personal injury' or 'advertising injury' to which this insurance applies are alleged." This particular objection is due to be **SUSTAINED**.[1]

As the report and recommendation explains, the status of Alabama law is ambiguous regarding the scope of an insurer's duty to defend when the underlying lawsuit combines covered and uncovered claims. *See, e.g., Acceptance Ins. Co. v. Brown*, 832 So.2d 1, 14 (Ala. 2001) ("When a complaint alleges both acts covered

---

[1] The court will enter a separate order certifying this open and determinative question of law to the Supreme Court of Alabama pursuant to Rule 18 of the Alabama Rules of Appellate Procedure.

under the policy and acts not covered, <u>the insurer is under a duty to at least defend the allegations covered by the policy</u>.") (emphasis added) (citations omitted). Therefore, the court agrees with Plaintiff's objection that the report and recommendation constitutes an *Erie* guess as to whether Plaintiff should be obligated to defend the entire action in this instance. *See, e.g., Union Planters Bank, N.A. v. New York*, 436 F.3d 1305, 1306 (11th Cir. 2006) ("Where there is doubt in the interpretation of state law, a federal court may certify the question to the state supreme court to avoid making unnecessary *Erie* guesses and to offer the state court the opportunity to interpret or change existing law." ) (citation omitted).

No objections have been filed concerning the magistrate judge's recommendation to dismiss Plaintiff's indemnity declaratory claim as unripe, deny Defendant's request for attorney's fees, or dismiss the counterclaim filed by Blevins.[2] The court agrees with these proposed rulings and sees no reason to delay the entry of final judgment as to them. Therefore, a separate order of partial final judgment will be entered.

---

[2] The court notes that the magistrate judge's reasoning for dismissing Blevins's counterclaim <u>pertains to Rule 12(b)(1) jurisdictional grounds</u>. (Doc. 23 at 39-40). Accordingly, while this court agrees that a dismissal of the counterclaim without prejudice is appropriate under the report and recommendation's unchallenged Rule 12(b)(1) rationale, Plaintiff's efforts to dismiss on a Rule 12(b)(6) basis are due to be denied as moot.

**DONE** and **ORDERED** this the 24th day of September, 2009.

                                                          _____
                                                          **VIRGINIA EMERSON HOPKINS**
                                                          United States District Judge