FILED
2009 Nov-23 PM 04:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No.: 7:09-CV-435-VEH |
| BILL LUNSFORD CONSTRUCTION & DEVELOPMENT, INC.; and WANDA BLEVINS, ) ) ) ) ) ) | |
| Defendants. ) ) | |
| WANDA BLEVINS, ) ) | |
| Counterclaim Plaintiff, ) ) | |
| v. ) ) | |
| AUTO-OWNERS INSURANCE COMPANY, ) ) ) ) | |
| Counterclaim Defendant. ) | |

## **MEMORANDUM OPINION**

Magistrate Judge John E. Ott filed a report and recommendation in this insurance coverage case on August 10, 2009, recommending that Defendant's Motion to Dismiss and Application for Attorney's Fees (Doc. 9) filed on March 26, 2009, by

Defendant Bill Lunsford Construction & Development, Inc. ("Lunsford"), be granted in part and denied in part, and that Plaintiff's 12(b)(6) Motion to Dismiss Wanda Blevins's ("Blevins") Counterclaim (Doc. 15) filed on April 14, 2009, be granted. (Doc. 23 at 2). On September 24, 2009, the court entered a memorandum opinion (Doc. 26) as well as a separate order and partial final judgment (Doc. 27), which adopted in part and reserved in part the report and recommendation of the magistrate judge. (Doc. 27 at 2).

More specifically, the court sustained the objection of Plaintiff to certify "a certified question to the Supreme Court of Alabama as to the scope of an insurer's duty to defend the entire lawsuit under Alabama law when a complaint includes both covered and uncovered claims." (*Id.*). Consistent with this determination, the court also separately entered a certified question to the Supreme Court of Alabama (Doc. 28) on September 24, 2009. On November 20, 2009, the Supreme Court of Alabama responded to this court's request by "respectfully declin[ing] to answer the certified question." (Doc. 29 at 1).

In the absence of more precise guidance from the Alabama Supreme Court as to what this court finds to be a state of irreconcilable matters relating to the scope of an insured's duty to defend under Alabama law, Magistrate Judge Ott's opinion is well-reasoned, addresses the pertinent issues, applies Alabama law to the extent it has

been developed, and anticipates Alabama law in a way that this court finds to be reasonable in the face of any still open and/or unanswered questions of applicable law. Accordingly, Judge Ott's recommended ruling is fully adopted by this court. Relatedly, any remaining objections pertaining to Judge Ott's determination that Plaintiff has a duty to defend under the subject policy are due to be overruled. The court will enter a final judgment order consistent with this memorandum opinion and dismissing the case.

      **DONE** and **ORDERED** this the 23rd day of November, 2009.

                                                **VIRGINIA EMERSON HOPKINS**
                                                United States District Judge